IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DARRYL EDMOND GREEN            *

Petitioner,                    *

v.                             *       Civil No. WDQ-12-3114

WARDEN BOBBY SHEARIN, et al.,  *

Respondents.                   *
                              ***

MEMORANDUM OPINION AND ORDER

On November 6, 2012, the Court directed the Respondents to answer the above-styled Petition for Writ of Habeas Corpus. ECF No. 3. In their response, Respondents assert that the Petition should be dismissed in its entirety because the Petition contains both exhausted and unexhausted claims. ECF No. 5.

On July 5, 2007, Petitioner was convicted, after a jury trial in the Circuit Court for Baltimore City, of two counts of first-degree murder and related handgun offenses. ECF No. 5, Exs. 1, 2. That day, he was sentenced to two consecutive life terms for the murder convictions and a consecutive forty-year term for the handgun offenses. *Id.*

Petitioner noted a timely appeal, raising the following claims:

1. Was the circumstantial evidence legally insufficient to prove that [Petitioner] was the murderer?

2. Did the trial court improperly assume a prosecutorial role in examining [Petitioner]?

3. Did the trial court abuse its discretion by needlessly admitting inflammatory photographs of the victims?

4. Did the trial court improperly instruct the jury, after defense counsel's closing argument, that the police investigation and law enforcement techniques "are simply not your concern"?

  5.  Should the sentences for the lesser handgun convictions have merged with those for the greater?

*Id.*, Ex. 2. On February 20, 2009, the Maryland Court of Special Appeals vacated Petitioner's sentences for handgun possession, but affirmed his convictions in all other respects. *Id.*

Petitioner, through counsel, filed a Petition for Writ of Certiorari to the Court of Appeals of Maryland, raising the following claims:

  1.  Did the trial court improperly assume a prosecutorial role in the questioning of [Petitioner]?

  2.  Did the objection of defense counsel, that the trial court's supplemental instruction was given by itself, in isolation, after argument, preserve for appellate review, the question whether the supplemental instruction usurped the jury's role as the sole and exclusive triers of fact?

ECF No. 5, Ex. 3. Petitioner also filed a *pro se* Petition for Wirt of Certiorari. *Id.*, Ex. 4. On June 15, 2009, the Court of Appeals granted Petitioner's counseled petition, denied the *pro se* petition, and remanded the case for further consideration by the Court of Special Appeals. *Id.*

On July 29, 2011, in an unreported opinion, the Court of Appeals issued an opinion again vacating Petitioner's sentences for handgun possession but affirming the convictions in all other respects. *Id.*, Ex. 5. Petitioner, through counsel, filed another Petition for Writ of Certiorari to the Court of Appeals, seeking review of one claim: "Did the objection of defense counsel, that the trial court's supplemental instruction was given by itself, in isolation, after argument, preserve for appellate review, the question whether the supplemental instruction usurped the jury's role as the sole and exclusive triers of fact, and if so, did the supplemental instruction usurp the jury's role?" *Id.*, Ex. 6. The Court of Appeals denied Petitioner's request for further review on November 21, 2011. *Id.*, Ex. 7.

Petitioner has not instituted state post-conviction proceedings. ECF No. 1.

In the instant petition, Petitioner asserts the following claims:

1. The trial court improperly assumed a prosecutorial role in the trial.

2. The evidence was insufficient to sustain his convictions.

3. The trial court abused its discretion in admitting crime scene and autopsy photographs.

4. The trial court erred in its instructions to the jury.

5. Trial counsel was ineffective for failing to preserve issues for appellate review and/or failing to properly object to the trial court's behavior.

ECF No. 1.

Before a petitioner may file a petition seeking habeas relief in federal court, he must exhaust each claim presented to the federal court through remedies available in state court. *Rose v. Lundy*, 455 U.S. 509 (1982). This "exhaustion" requirement is satisfied by a person's seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See generally* 28 U.S.C. § 2254(b), (c). To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. *See* Md. Code Ann. Crim. Proc. § 7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-202. However, if the application is granted but relief on the *merits* of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *See Williams v. State*, 438 A.2d 1301, 1305 (Md. 1981).

A petition containing claims that have not been exhausted in the state courts must be dismissed without prejudice to afford the petitioner the opportunity to pursue available state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973); *see also Ali v. Florida*, 777 F.2d

1489 (11th Cir. 1985) (per curiam). The Court has reviewed the documents submitted and finds that there is no clear indication that Petitioner has directly exhausted available state court remedies as to his claim of ineffective assistance of counsel.

Petitioner is advised, however, that a one-year statute of limitations applies to this federal habeas petition. *See* 28 U.S.C. § 2244(d);[1] *Wall v. Kholi*, 131 S. Ct. 1278, 1283 (2011). The one-year period is tolled while properly filed post-conviction proceedings are pending, and may otherwise be equitably tolled. *See* 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). Dismissal of the instant petition could result in any future petition being outside the applicable statute of limitations.

Petitioner is further advised that, should he waive consideration of the apparently unexhausted claim and request this Court to proceed with his exhausted claims, he would be barred from bringing a second petition asserting the ineffective assistance of counsel claim, even

---

[1] This section provides:

    (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)    the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

if he returned to state court to exhaust that claim, as he may only file a second federal habeas corpus petition if he has moved the appropriate federal circuit court for an order authorizing this court to consider the application. *See* 28 U.S.C. § 2244(b)(3); *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000).

In light of the foregoing, Petitioner will be granted 21 days from the date of this Order to advise how he wishes to proceed. As discussed above, he may proceed by waiving consideration of any unexhausted claim--recognizing that he may not later bring the now-exhausted claim without permission from the U.S. Court of Appeals for the Fourth Circuit--or he may have the Court dismiss the entire Petition without prejudice, so that he can proceed with his state post-conviction proceedings, with the caveat that he may be barred from consideration of any of his claims by this Court in the future. If the Court fails to hear from Petitioner in the time provided, the Court will deem the unexhausted claim waived.

Accordingly, it is, this 18th day of April 2013, ORDERED that:

1. Petitioner IS GRANTED twenty-one (21) days from the date of this Order to file a reply as directed herein; and

2. The Clerk shall SEND copies of this Memorandum Opinion and Order to Petitioner and to counsel of record.

William D. Quarles, Jr.
United States District Judge